UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT WESLEY HUMPHREYS,

    Petitioner,

v.

COWLITZ COUNTY CLERKS, et al.,

    Respondent.

Case No. 3:22-cv-05240-JLR-TLF

ORDER TO SHOW CAUSE OR TO AMEND

This matter is before the Court upon petitioner's filing of a proposed petition for writ of *habeas corpus*. Dkt. 9. Having screened the petition as required by the Rules Governing § 2254 Cases ("Section 2254 Rules"), the Court notes deficiencies in the petition and declines to order respondent to file an answer at this time. On or before **September 6, 2022**, petitioner must file an amended petition correcting the deficiencies identified in this Order or show cause why his petition should not be dismissed. Failure to do so may result in the Court recommending dismissal without prejudice.[1]

I. BACKGROUND

Petitioner initiated this matter on April 7, 2022 by filing a proposed memorandum of points and authorities and an application to proceed IFP; however, petitioner did not file a petition for *habeas corpus*. Dkt. 1. The Court directed petitioner to file a petition for

---

[1] Petitioner has also filed a motion to proceed *in forma pauperis* ("IFP"). Dkt. 7. Because the proposed petition does not state any grounds for relief, the Court defers consideration of petitioner's IFP motion until an amended petition is filed.

ORDER TO SHOW CAUSE OR TO AMEND - 1

*habeas corpus* pursuant to 28. U.S.C. § 2254, noting that petitioner's memorandum did not meet the requirements for a petition. Dkt. 8.

On May 10, 2022, petitioner filed a proposed petition. Dkt. 9. However, the proposed petition does not set forth the grounds for relief as required by Rule 2 of the Section 2254 Rules. Furthermore, the petition may be untimely, and it appears it would be the second or successive to petitioner's previously filed petition. *See Humphreys v. Haynes*, No. 3:20-cv-05426 BJR (the "First Petition"). And, the petition does not include sufficient information for the Court to evaluate whether petitioner has exhausted his state court remedies.

Petitioner subsequently filed two largely repetitive documents; these submissions attach additional copies of the proposed petition and its exhibits, as well as copies of case law and what appear to be documents from petitioner's appeal of the dismissal of his First Petition. Dkts. 10, 11. Yet these additional filings do not address the defects identified in the Court's order to show cause (Dkt. 8).

## II.  DISCUSSION

Under Rule 4 of the Section 2254 Rules, the Court is required to perform a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

A.   Failure to Specify Grounds for Relief

Rule 2 of the Section 2254 Rules requires that a petition substantially follow the Court's form. Further,

> [t]he petition **must**: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. §2242.

*Id.* at Rule 2(c) (emphasis added).

While petitioner used the prescribed form, his petition fails to comply with subsections (1) and (2) because it does not specify the grounds for relief or the facts supporting such grounds. Instead, in the space where the form calls for the statement of the first ground for relief and supporting facts, the petition states only "duplic-ate documents, Sent." Dkt. 9 at 5. In the space for the second, third and fourth grounds for relief, the petition states only "see above." *Id*. at 7, 8, 9.

The petition includes a large volume of attachments, including a declaration containing various legal citations, documents from petitioner's prior state court Personal Restraint Petitions, public records requests, and prison grievances. *Id*. at 16–61. Even if it were possible to glean from these documents the grounds underlying the petition, the mere attachment of exhibits is not sufficient to comply with the Section 2254 Rules. Petitioner must file an amended petition on the form provided by the Court that clearly states each ground for relief, and the facts supporting each ground.

B.  Exhaustion

A state prisoner seeking *habeas corpus* relief in federal court must exhaust available state remedies prior to filing a petition in federal court. *See* 28 U.S.C. § 2254. Claims for relief that have not been exhausted in state court are not cognizable in a federal habeas petition. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).

ORDER TO SHOW CAUSE OR TO AMEND - 3

Because the petition does not state the grounds for relief, the Court cannot determine whether each of the grounds has been properly exhausted in state court.

C.  Timeliness

28 U.S.C. § 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" This period is tolled during the time a state court considers a properly filed application for post-conviction relief. 28 U.S.C. § 2244(d)(2); *Pace v. DiGulielmo*, 544 U.S. 408, 410 (2005).

The proposed petition identifies the date petitioner was sentenced in his underlying conviction as February 14, 2014. Dkt. 9 at 1. The proposed petition asserts petitioner appealed his conviction to the Washington Supreme Court but does not give the date of the Supreme Court's order denying review. *Id*. at 2. Petitioner also identifies a post-conviction proceeding, but likewise fails to provide the date upon which it became final. *Id*. at 3.

Here, petitioner challenges an eight-year-old conviction, and the petition may be untimely. However, petitioner has not provided the dates upon which his appeals and post-conviction proceedings became final and has therefore not provided sufficient information for the Court to determine whether his petition was timely filed.

D.  Second or Successive Petition

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). While the bar of successive petitions applies only where the first petition was denied on the merits, a dismissal on the ground that a

petition was untimely qualifies as an adjudication on the merits. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

Here, petitioner's First Petition challenged the same conviction and was dismissed with prejudice as time-barred. *Humphreys v. Haynes*, No. 3:20-cv-05426 BJR, Dkt. 26. If plaintiff was or could have been aware of the factual predicate of the claims brought in this petition at the time he brought the First Petition, then his claims in this matter would be second or successive and the Court would lack jurisdiction to consider them. *See Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001). Because plaintiff has failed to identify the grounds for his petition, the Court cannot determine whether they are second or successive.

### III.  INSTRUCTIONS

If Petitioner intends to pursue this habeas action, he must file an amended petition complying with Rule 2 of the Rules Governing Section 2254 Cases on the form provided by the Court. The amended petition must state with particularity each ground for relief and state the facts supporting each ground. The amended petition must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original petition by reference. The amended petition will act as a complete substitute for the original petition, and not as a supplement.

If petitioner fails to adequately address the issues raised herein and file an amended petition on or before **September 6, 2022**, the Court will recommend dismissal of this action without prejudice.

ORDER TO SHOW CAUSE OR TO AMEND - 5

The Clerk is directed to provide petitioner with the Court's form petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The Clerk is further directed to re-note petitioner's IFP motion (Dkt. 7) for **September 6, 2022**.

Dated this 5th day of July, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge