UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT WESLEY HUMPHREYS,<br><br>                Petitioner,<br>      v.<br><br>COWLITZ COUNTY CLERKS, et al.,<br><br>                Respondent. | Case No. 3:22-cv-05240-JLR-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for December 30, 2022 |

This matter comes before the Court on petitioner's response to the Court's Order to Show Cause or to Amend ("Second Order to Show Cause"). Dkts. 12, 13. The Court ordered petitioner, who is proceeding *pro se*, to file an amended petition for writ of habeas corpus complying with Rule 2 of the Rules Government § 2254 Cases ("Section 2254 Rules"). Dkt. 12. Petitioner did not file an amended petition; instead, he filed a response that fails to correct the deficiencies identified by the Court. Dkt. 13.

Petitioner has twice been provided an opportunity to file a petition complying with the Section 2254 Rules that states a viable claim for relief and has failed to do so; the Court therefore recommends that this matter be DISMISSED without prejudice, that petitioner's motion to proceed *in forma pauperis* "(IFP") (Dkt. 7) be DENIED as moot, and that a certificate of appealability be DENIED.

REPORT AND RECOMMENDATION - 1

BACKGROUND

Petitioner initiated this matter on April 7, 2022 by filing a memorandum of points and authorities and an application to proceed IFP; however, petitioner did not file a petition for habeas corpus. Dkt. 1. The Court directed petitioner to file a petition for habeas corpus pursuant to 28. U.S.C. § 2254, noting that petitioner's memorandum did not meet the requirements. Dkt. 8 ("First Order to Show Cause").

On May 10, 2022, petitioner filed a petition for habeas corpus. Dkt. 9. But the petition did not set forth any grounds for relief as required by Rule 2 of the Section 2254 Rules; and, the petition appeared to be untimely because it challenges a conviction from 2014; it also appeared to be second or successive to petitioner's previously filed petition. *See Humphreys v. Haynes*, No. 3:20-cv-05426 BJR (the "First Petition"). The petition also did not include sufficient information for the Court to evaluate whether petitioner had exhausted his state court remedies.[1]

The Court issued its Second Order to Show Cause identifying the foregoing defects in petitioner's submissions and requiring petitioner to file an amended petition correcting the deficiencies. Dkt. 12. Petitioner did not file an amended petition, but instead filed a three-page document that fails to address or to correct any of the identified deficiencies. Dkt. 13.

DISCUSSION

Under Rule 4 of the Rules Governing § 2254 cases, the Court is required to perform a preliminary review of a habeas petition. The Court "must dismiss the petition"

---

[1] Petitioner also subsequently filed two largely repetitive documents; these submissions attach additional copies of the proposed petition and its exhibits, as well as copies of case law and what appear to be documents from petitioner's appeal of the dismissal of his First Petition. Dkts. 10, 11. These additional filings did not address the defects identified in the Court's First Order to Show Cause (Dkt. 8).

REPORT AND RECOMMENDATION - 2

before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, the petition fails to establish petitioner is entitled to relief.

A.  Failure to Specify Grounds for Relief

Rule 2 of the Section 2254 Rules requires that a petition substantially follow the Court's form. Further,

> [t]he petition **must**: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. §2242.

*Id.* at Rule 2(c) (emphasis added).

Petitioner's initial filing was not a petition for habeas corpus and stated no claims. Dkt. 1. In response to the First Order to Show Cause, petitioner filed the prescribed form, but his petition failed to comply with subsections (1) and (2) of Rule 2 because it did not specify any grounds for relief or any facts supporting such grounds. Dkt. 9. Instead, in the space where the form calls for the statement of the first ground for relief and supporting facts, the petition stated only "duplic-ate documents, Sent." Dkt. 9 at 5. In the space for the second, third and fourth grounds for relief, the petition states only "see above." *Id*. at 7, 8, 9. The voluminous attachments to the petition—consisting of various legal citations, documents from petitioner's prior state court Personal Restraint Petitions, public records requests, and prison grievances—likewise contain no statement identifying the claims upon which the habeas petition are based or any supporting facts. *Id*. at 16–61.

The Court's Second Order to Show Cause instructed petitioner that he must file an amended petition complying with the Section 2254 Rules, which identified the claims

REPORT AND RECOMMENDATION - 3

upon which the petition was based and the facts supporting each ground. Dkt. 12 at 3. Petitioner did not file an amended petition as required. Instead, he filed a "praecipe" consisting of two pages of legal citations, along with a page from his previously submitted IFP application. Dkt. 13.

Petitioner has failed to comply with the Court's order. Despite the Court's explanation of the deficiencies in his filings and two opportunities to correct them, petitioner has not filed a valid petition for habeas corpus and has not identified any viable claim for relief.[2] The petition should therefore be dismissed without prejudice.

B.     Leave to Amend

Ordinarily, a plaintiff or petitioner must be notified of the deficiencies in his pleading and provided an opportunity to amend. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997). But where a plaintiff or petitioner repeatedly fails to cure previously identified deficiencies, leave to amend may properly be denied. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Ibeabuchi v. Penzone*, 744 F. App'x. 448, 449 (9th Cir. 2018) (no abuse of discretion in denying prisoner plaintiff further leave to amend, because prisoner failed to cure previously identified deficiencies despite the opportunity to do so).

Here, petitioner has repeatedly been advised of the deficiencies in his petition and failed to correct them. The Court therefore recommends that the petition be DISMISSED without prejudice.

---

[2] As the Court noted in the Second Order to Show Cause, the petition appears to be unexhausted and untimely, and also appears to be second and successive to the First Petition. Dkt. 12 at 3–5. However, without any identification of plaintiff's claims for relief, the Court cannot fully evaluate these additional deficiencies.

REPORT AND RECOMMENDATION - 4

## CERTIFICATE OF APPEALABILITY

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a COA should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that petitioner not be issued a COA. No jurist of reason could disagree that petitioner has failed to state a claim for habeas corpus relief. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of habeas corpus without prejudice and that a certificate of appealability be denied; the Court further recommends that petitioner's motion to proceed IFP be denied as moot. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), petitioner shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes

1  of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a
2  waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140,
3  142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).
4  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to
5  set the matter for consideration on **December 30, 2022**, as noted in the caption.

   Dated this 12th day of December, 2022.

*[signature: Theresa L. Fricke]*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6